UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS CREIGHTON SHRADER,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, et al.,<br><br>Respondents. | Case No. 1:21-cv-01229-ADA-CDB  (HC)<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS (Doc. 20) AND DENY PETITIONER'S MOTION FOR SUMMARY JUDGMENT (Doc. 31)**<br><br>**FOURTEEN-DAY DEADLINE** |

Petitioner Thomas Creighton Shrader ("Shrader") is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 17). Shrader is currently in the custody of the Bureau of Prisons ("BOP") at the Federal Correctional Institution located in Mendota, California. In the operative petition, filed May 3, 2022, Shrader claims that he received a sentence enhancement under the Armed Career Criminal Act ("ACCA") in error. 18 U.S.C. §§ 922(g)(1), 924(e)(1). Respondent filed a motion to dismiss on August 30, 2022. (Doc. 20). Shrader filed an opposition on September 23, 2022 (Doc. 22), as well as a Traverse on September 29, 2022. (Doc. 23). In addition, on January 17, 2023, Shrader filed a motion for summary judgment in which he demands "immediate release" and further challenges Respondent's motion to dismiss. (Doc. 31). For the reasons stated below, the undersigned

recommends that the Respondent's motion to dismiss be granted, the Petition be dismissed, and that Shrader's motion for summary judgment be denied.

**I.      Procedural and Factual Background**

On July 16, 1975, Shrader entered the home of D.S., a person that he formerly had a relationship with.[1] While inside the home, Shrader shot and killed D.S.'s mother and a family friend, prompting D.S. to out of the house and into the home of her neighbor. Shrader continued shooting and wounded the neighbor in the arm. Shrader was subdued, arrested and charged in West Virginia state court with two counts of first-degree murder and one count of unlawful wounding.

On January 20, 1976, Shrader pleaded guilty to all counts. Shrader was sentenced to concurrent life sentences with a recommendation of mercy on the murder charges, as well as an additional year for the wounding offence. Shrader escaped from prison approximately one year later, and D.S. had to be taken into protective custody by the state police. Shrader was recaptured and sentenced to an additional year of imprisonment for the escape. In 1993, Shrader was released from prison on parole; Shrader was released from parole in 1999.

Shrader repeatedly tried to contact D.S. during and after his incarceration, even though she married R.S. in 1979, and moved away from West Virginia to Texas. Shrader managed to discover D.S.'s new address and engaged in a pattern of harassing behavior by repeatedly directing threatening calls to her home and attempting to talk to her children. Finally, on October 30, 2009, R.S. received an UPS package at his Texas home which contained a thirty-two-page letter from Shrader to D.S. The letter taunted D.S. about the day of her mother's murder and threatened her with physical violence. Ultimately, D.S. and R.S. contacted the FBI, who secured a criminal complaint against Shrader and a warrant for his arrest. On November 13, 2009, FBI agents searched Shrader's home and found firearms.

In 2010, following two separate trials in the Southern District of West Virginia, Shrader was convicted of two counts of stalking his victims through a facility of interstate commerce (18

---

[1] The following facts are taken from the Fourth Circuit's opinion and order affirming the judgment in a later prosecution. *See United States v. Shrader*, 675 F.3d 300, 303-04 (4th Cir. 2012).

2

U.S.C. § 2261A(2)), and one count of being a felon in possession of a firearm (18 U.S.C. § 922(g)(1)). *Shrader*, 675 F.3d at 305 (affirming the conviction and sentence on direct appeal). The Fourth Circuit held:

> The 235 month sentence the district court imposed is also within the 240 month statutory maximum authorized for Shrader's three counts of conviction (a five year maximum for each of the two counts for violating 18 U.S.C. § 2261A(2) and a ten year maximum of violating 18 U.S.C. § 922(g)(1), yielding a cumulative maximum sentence of twenty years of imprisonment). We therefore need not address the propriety of the ACCA enhancement, because an upward variance or departure in this case would produce exactly the same result and because the transcript makes clear that the sentence herein, *irrespective* of any ACCA enhancement, plainly effectuated the trial court's sentencing intent.

(*Id.*) (emphasis added) (citations omitted). Following a direct appeal of his conviction, Shrader filed a § 2255 petition in the U.S. District Court for the Southern District of West Virginia.[2] *See Shrader v. United States*, 2016 WL 299036 (S.D. W.Va. Jan. 25, 2016), *appeal dismissed*, 668 Fed. Appx. 494 (4th Cir. 2016). Shrader filed a second § 2255 motion addressing the possible application in his case of *Johnson v. United States*, 576 U.S. 591 (2015), which was denied. *See Shrader v. United States*, 2019 WL 404573 (S.D. W.Va. Aug. 27, 2019)

In addition to the § 2255 petitions in his sentencing district, Shrader attempted to invoke the § 2254(e) savings clause several times in this Court: *Shrader v. Young*, Case No. 1:19-cv-00644-DAD-JLT, 2019 WL 2164636 (E.D. Cal. May 17, 2019); *Shrader v. Plumley*, Case No. 1:17-cv-01338-LJO-JDP, 2020 WL 363378 (E.D. Cal. Jan. 22, 2020); *Shrader v. Watson*, Case No. 1:17-cv-00685-DAD-SKO, 2017 WL 2546818 (E.D. Cal. June 13, 2017); *Shrader v. Zuniga*, Case No. 1:15-cv-00439-LJO-MJS, 2015 WL 1567201 (E.D. Cal. Mar. 25, 2015); *Shrader v. Gill*, Case No. 1:14-cv-01269-LJO-MJS, 2014 WL 7336218 (E.D. Cal. Dec. 22, 2014) (collecting cases).

In the Petition at issue, Shrader claims that his classification as a career offender is

---

[2] The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). Judicial notice may be taken of court records. *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), *aff'd*, 645 F.2d 699 (9th Cir. 1981).

erroneous following the Supreme Court's ruling in *Wooden v. United States*, 142 S.Ct. 1063 (2022). *Wooden* held that a closely related set of burglaries at the same time and at the same place should constitute as only one occasion for the purposes of ACCA enhancement. (*Id.*) Shrader relies on *Wooden* to support his claim that the murders he committed in 1975 should count as one instance of criminal conduct for sentence enhancement purposes.

## II.      Standards of Law

Typically, a federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988); *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006), cert. denied, 549 U.S. 1313 (2007).  In such cases, only the sentencing court has jurisdiction.  *Tripati*, 843 F.3d at 1163; *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).

An exception exists by which a federal prisoner may challenge the validity or constitutionality of his federal conviction or sentence under § 2241, referred to as the "savings clause" or "escape hatch" of § 2255.  *Stephens*, 464 F.3d 897; *Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008).  Under the § 2255 escape hatch, "a federal prisoner may file a § 2241 petition if, and only if, the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012) (quoting *Stephens*, 464 F.3d at 897).  A § 2241 petition is available under the escape hatch of § 2255 where a petitioner (1) makes a claim of "actual innocence," and (2) has not had an "unobstructed procedural shot" at presenting that claim.  *Stephens*, 464 F.3d at 898.

To establish actual innocence for purposes of habeas relief, a "petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. (*Id.*) "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).  In *Allen v. Ives*, the Ninth Circuit clarified that a habeas petitioner could challenge a sentencing enhancement under the escape hatch where changes in the law "transformed his [prior state conviction] from a predicate crime into a non-predicate crime." 950 F.3d at 1184, 1190 (9th Cir. 2020).  The Ninth Circuit later clarified and

more recently reiterated that *Allen* is limited to petitioners who received a mandatory sentence under a mandatory sentencing scheme. *Shepherd v. Unknown Party*, 5 F.4th 1075, 1078 (9th Cir. 2021) (citing *Allen v. Ives*, 976 F.3d 863, 869 (9th Cir. 2020) (W. Fletcher, J, concurring in the denial of the petition for rehearing en banc.)).

## III. Discussion

Shrader argues that he properly asserts "actual innocence" of 18 U.S.C. § 924(e) for lacking three predicate felonies under ACCA to be classified as a career criminal. (Doc. 22, p. 2). Likewise, Shrader asserts that he did not have an unobstructed procedural shot to raise this claim because *Wooden* (the case he advances as the purported basis of his claim) is a substantive rule made retroactive that was not previously available to him. (*Id*., at p.2).

### A. Actual Innocence

Shrader was sentenced after *United States v. Booker*, 543 U.S. 220 (2005), which rendered ACCA's sentencing guidelines as advisory only. *See Beckles v. United States,* 580 U.S. 256, 266-67 (2017) (holding that district courts have discretion to rely on advisory career offender guideline enhancements). Irrespective of Shrader's arguments regarding his career offender status, he fails to raise a claim of "actual innocence." As the Ninth Circuit has held: "the purely legal argument that a petitioner was wrongly classified as a career offender under the Sentencing Guidelines is not cognizable as a claim of actual innocence under the escape hatch." *Marrero*, 982 F.3d at 1193. The argument Shrader advances in this litigation is a species of arguments raised and rejected by others within this Court under the same reasoning. *See*, e.g., *Shrader v. Warden, FCI Mendota*, No. 1:21-cv-00873-SKO (HC), 2021 WL 2320158, *3 (E.D. Cal. June 7, 2021) (quoting *Marrero*, 982 F.3d at 1193), *F&R adopted*, 2021 WL 4803954.

The district court imposed a 235-month sentence for Shrader's three counts of conviction, which was less than the maximum penalty available. *Shrader*, 675 F.3d at 315. That is evidence enough to satisfy this Court that his sentencing was the product of judicial discretion. *Accord, Wilson v. Thompson*, No. 2:21-cv-0793 KJN P, 2022 WL 8153354, *4 (E.D. Cal. Mar. 17, 2022) (finding escape hatch unavailable to petitioner because his "predicate state court convictions which triggered his career offender status did not require the court to impose a sentence mandated

by a statute. Rather, petitioner was sentenced within a sentencing range, not pursuant to a mandatory sentencing statute.")

Shrader cannot reasonably dispute that the sentencing court relied on the Guidelines for advice only. Shrader was sentenced on November 19, 2010 – after the Supreme Court's decision in *Booker* was issued. *See* Doc. 20-1 (Appendix), *United States v. Shrader*, No. SDWV 1:09-cr-00270 (Doc. 337). The Fourth Circuit noted that the sentencing court discussed the 18 U.S.C. § 3553(a) factors and that "an upward variance or departure in this case would produce exactly the same result . . . the sentence herein, irrespective of any ACCA enhancement, plainly effectuated the trial court's sentencing intent." *Shrader*, 675 F.3d at 315. And on December 13, 2021, Shrader's sentencing judge again detailed that the sentence imposed was pursuant to an advisory guideline range of 188-235 months. *Shrader*, SDWV 1:09-cr-00270 (Doc. 555). "[A]ny miscalculation of the guideline[s] range cannot be a complete miscarriage of justice because the guidelines are advisory. If the district court were to resentence [such a defendant], the district court could impose the same sentence again." *Spencer v. United States*, 773 F.3d 1132, 1140 (11th Cir. 2014) (en banc).

Shrader cannot raise a claim of actual innocence since he could have received the same 235-month sentence irrespective of whether he was treated as a career offender.[3] Since Shrader fails to establish that he is actually innocent, his petition fails as a matter of law and must be dismissed.

**IV.     Conclusion and Recommendation**

Based on the foregoing, the undersigned recommends that the Court **GRANT** Respondent's Motion to Dismiss, **DENY** Shrader's Motion for Summary Judgment, and **DISMISS** the Petition with prejudice.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings

---

[3] In light of the conclusion that Shrader fails to establish actual innocence, the undersigned declines to address whether he had an unobstructed procedural shot to present his claim. *E.g., Nguyen v. Babcock*, No. 2:11-cv-2516-EFB-P, 2012 WL 3756864, *2 (E.D. Cal. Aug 28, 2012).

and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 22, 2023**

UNITED STATES MAGISTRATE JUDGE